UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN R. POMERLEAU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00412-NT |
| | ) | |
| ANDROSCOGGIN COUNTY JAIL, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff, who is evidently a pretrial detainee in Androscoggin County jail, has filed a complaint in which he challenges the state court criminal proceedings and the effectiveness of his attorney in the state court proceedings. Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the matter.

**LEGAL STANDARD**

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and

give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

The gravamen of Plaintiff's claim is focused on the pending state court criminal charges against him and the state court proceedings. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts ordinarily abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Abstention is called for "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). Plaintiff does not assert that the state criminal proceedings have reached a final resolution. To the contrary, Plaintiff's allegations and the

documents filed with his complaint suggest that multiple state court criminal matters remain pending. (*See, e.g.*, Letter from State Court Counsel, ECF No. 1-2 at 2–3.) The state court criminal proceedings are judicial in nature, implicate important state interests associated with the State's administration of its laws, and the state court system affords Plaintiff an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is presumptively appropriate.[1]

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of November, 2023.

---

[1] Some portions of Plaintiff's filings are difficult to interpret. To the extent Plaintiff intended to assert one or more claims that do not arise out of the pending state court criminal proceedings, Plaintiff has failed to allege an actionable claim. Just as the complaint and attachments do not contain facts that would establish the exceptional circumstances necessary to overcome the doctrine of *Younger* abstention, Plaintiff has not alleged discernable facts that would support a claim against any of the named defendants.